# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARY RIVERA ZAPATA<br><br>Plaintiff<br><br>v.<br><br>SWISH JANITORIAL SERVICES, INC.<br><br>Defendants | CIVIL NO.: _____<br><br><br>FAIR LABOR STANDARDS ACT |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

   **COMES NOW** defendant, Swish Janitorial Services, Inc. ("Swish"), through its undersigned attorney, and respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I.   NATURE OF THE CLAIM

   In its Complaint, Plaintiff Mary Rivera Zapata alleges, *inter alia*, that the employer has violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 by alleging failing to pay her the minimum wage provided in said federal statute.

### II.   GROUNDS FOR REMOVAL

   The basis of this removal is that the Plaintiff's cause of action expressly arises, *inter alia*, under the FLSA, *consequently* this Court thus has jurisdiction pursuant to 28 USC § 1337, such that removal is proper under 28 USC § 1441. See *Commonwealth of Puerto Rico v. Sea-Land*, 349 F. Supp. 964 (D.P.R. 1970) ([t]he defendant was entitled to remove it to the federal forum pursuant to 28 USC § 1337 in relation to 28 USC § 1441, because the action is inevitably a civil action predicated upon [FLSA].

The Removal Statute allows defendant to remove a case to federal court when the action could have originally be brought in federal court. Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. *Roselló v. Calderón*, 398 F. 3d 1, 12 (1st. Cir. 2007).

A complaint must include "a readily apparent Federal claim in order for federal question to exist. *BIN Deceived v. Local* S6, 132 F. 3d 824, 831 (1st Cir. 1997). In this case, Plaintiff specifically claims that she has been paid at a rate per hour of $6.17 per hour (**¶25 of the Complaint**), when the minimum wage provided by the FLSA is $7.25 per hour (**¶27 of the Complaint**). Consequently, Plaintiff is expressly cause of action in predicated on a federal law. Thus a federal questions exists.

### III.     FACTUAL AND PROCEDURAL BACKGROUND

1. On June 3rd, 2016, an action was commenced against the appearing defendant Swish in the Puerto Rico Court of First Instance, Mayaguez Part, styled *MARY RIVERA ZAPATA v. SWISH INTERNATIONAL SERVICES, INC.* Civil No. ISCI2016-000587 (206). Swish was improperly served with a Summons and a copy of the Complaint on June 3rd, 2016.

2. A copy of the Summons issued by the Clerk of the Court of First Instance, and a copy of the Complaint are attached hereto in Spanish as **Exhibits 1** and **2**.

3. Swish is a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico and is engaged in providing janitorial services in the area of Mayaguez.

4. Swish seeks removal to the District of Puerto Rico, the District in which the State Court action is now pending.

5. This Notice of Removal is being filed within thirty (30) days of service of process of the Complaint and Summons on Swish, and is accordingly timely filed.

6. Upon filing of this Notice of Removal with the Court, written notice of the filing of the same will be provided to the attorney for the Plaintiff, as required by law.

7. Upon filing of this Notice of Removal with this Court, a true and accurate copy of the same will be filed with the Clerk of the Puerto Rico Court of First Instance, Mayaguez Part, as required by law.

8. Pursuant to 28 USC § 1446(a), the documents attached to this Notice of Removal as **Exhibits 1 and 2** are true, correct, and legible copies of all proceedings, pleadings, orders, and documentation of every kind filed before the State Court in this action. No previous application for relief sought herein has been made to this Court or to any other Court.

9. Plaintiffs' claims against Swish afford original federal jurisdiction to the Federal Court under the FLSA jurisdiction, *supra*.

10. Based on the foregoing, this court has original jurisdiction of this claim pursuant to 29 U.S.C. § 201, et seq., which may be removed to federal court as per the amended 28 USC § 1441.

**WHEREFORE**, it is respectfully requested that the above-captioned and styled action now pending against defendant Swish Janitorial Services, Inc. in the Court of First Instance, Mayaguez Part, be removed therefrom to the United States District Court for the District of Puerto Rico.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 17 day of June 2016.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we sent via email a copy of the foregoing Notice of Removal, to: **Miguel A. Montalvo Delgado, Esq**. (ma.montalvo@hotmail.com) and **Patricia Flores Feliciano, Esq**. (patriciafloresfeliciano@gmail.com)

/s Miguel Simonet Sierra
MIGUEL SIMONET SIERRA
USDC # 210102
**MONSERRATE SIMONET & GIERBOLINI**
101 San Patricio Ave.
Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300
Fax: (787) 620-5305
Email: msimonet@msglawpr.com