COMMONWEALTH OF PUERTO RICO
TRIAL COURT
MAYAGÜEZ PART

16-2126 (PAD)

| MARY RIVERA ZAPATA | CIVIL NO.: ISCI2016 00587(206) |
| Plaintiff | |
| VS. | |
| SWISH JANITOR SERVICES | SOBRE: DISCRIMINATION |
| Defendant | SUMMARY PROCEEDINGS LAW 2 |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now defendant represented by its under signing counsels and before this Honorable Court very respectfully state, allege and pray:

1. The complainant is of legal age, single and resident of Boquilla street, Box 410, Bo. Mani, Mayaguez, PR 00682.

2. That Defendant is a corporation duly registered at the Puerto Rico State Department, organized under the Laws and Corporate Statutes with sufficient legal standing to sue and be sued. Having offices at: 252 Mayaguez Town Center, Mayaguez PR 00680; Tel. 787-805-0490.

3. That furthermore, Defendant engages in and operates businesses within Puerto Rico rendering maintenance and janitorial services.

4. That Complaint works for the Defendant since August of 2004 as a maintenance employee.

5. That Complainant is assigned to work at the second floor of the commercial mall known as Mayaguez Town Center, located in front of the Mayaguez University Campus, in Mayaguez, Puerto Rico.

6. That during the time that she has engages as a maintenance employee, she performed stated tasks for the company with excellence and quality.

7. That the Defendant never turned over to her a written job description, nor gave her any manual which indicated that the Company has a anti-discrimination, sexual harassment and domestic violence prevention policies.

8. That the Complainant is a cancer, diabetes and neuropathy patient.

9. This complaint is filed under a Law 2 Summary Procedure.

### FIRST CAUSE OF ACTION

10. Complaint, since she began at her job and due to her religious convictions requested that Defendant not assign her to Sunday work shits.

11. Defendant so agreed.

12. In early September 2015, Complainant informed Defendant that she was being assigned Sunday shifts and that she wanted those as her days off, since it is the day that the church she attends congregates on.

13. Defendant disagrees in granting her Sundays as her off day.

14. Defendant requested that Complainant bring them a letter from her Pastor, Complainant obtained it and turned it over the employer.

15. Defendant, in mid November, assigned Sunday work to Complainant.

16. Complainant notified Mrs., Johanna Simmonet, the Human Resources representative, regarding the situation.

17. Mr. Julio Morales, Complainant Supervisor, has continued to assign her task on Sunday.

18. That the Supervisor constantly verbally states to her that he will not grant her Sundays off, and that he will dismiss her if she misses work.

19. In view of such situation, Complainant has informed Defendant that on Sundays he at least allow her to come in at 2:00 pm in the afternoon so that she can attend religious services, which end at 1:00 pm. Neither has the employer accepted same.

20. That in spite of multiple claims by Complainant, she has not been able to practice her religion, since mid-November of 2015.

21. Reasonable accommodation, adjustment of work schedule requested by Complainant did not entail any substantial prejudice for the employer nor to the remaining employees.

22. The Puerto Rico Constitution, under it Article II, guarantees the freedom of religion.

23. These action by Defendant as an employer, in time with what is provided under Law 100 proper, trigger a presumption of discrimination due to religious grounds, against the herein Complaint, which establishes a cause of action which make her subject to a compensation for twice the damages which such action has caused to the employee.

## SECOND CAUSE OF ACTION

24. Each and every one of the above allegations have been adopted for this Second Cause of Action.

25. Defendant is paying Complainant a salary of $6.17 per hour.

26. That minimum salary is a Constitutional right, established under Section 16, Article II, of the Constitution of Puerto Rico.

27. That the minimum salary provided under the Puerto Rico state law Law 180 of 1998, is $7.25.

28. That state Law 180 does not exclude maintenance employees from any provisions regarding minimum salary and additional compensation for overtime

29. That the Department of Labor Regulation Number 7082 dated January 18th of 2006, establishes as to definition "administrator", "executive", and "professional", according to what is provided in sub-section (b) of Article 8, Law Number 180 dated July 27th of 1988, that exceptions shall not apply to employees who perform manual task or to employees who perform repetitive tasks which do not require specialized knowledge which is acquired by means of extended study. And as an example, same includes maintenance employees.

30. That stated law provides that an employee who receives a salary lesser than the one provided for by Law shall be entitled to collect the balance owed until the full amount of the corresponding state minimum salary is covered, plus an amount equal to that which she failed to receive, as an additional compensation, in addition to costs, expenses, interest and attorney fees.

31. That as of today is estimated that Complainant is owed $49,500.00, amount that increases as time passes.

### THIRD CAUSE OF ACTION

32. In early January of 2013, Complainant notified Defendant that she was diagnosed with Hodgkin's Lymphoma, Classical Type, and "Metastatic Hodgkin's Lymphoma, Classical Type" in her liver.

33. Complainant is a cancer, diabetes and neuropathy patient.

34. That due to her medical conditions, Complainant cannot lift more than 10 pounds, as medical limitations.

35. Due to her medical conditions she needs to eat every 2 hours.

36. Complainant has told her Supervisor Mr. Julio Morales and to Mrs. Johanna Simmonet, Human Resources Director, on several occasions, about her medical conditions, so that same be taken into consideration during her work period.

37. That Complainant has provided Defendant with medical certificates in which her physical and medical limitations are established.

38. That due to the refusal by Defendant to provide Complainant with reasonable accommodations as to not lift more than 10 pounds, Complainant developed a hernia for which she receives medical treatment.

39. The Defendant compared the work and performance of Complainant with that of other co-workers at the company, who did not have any limitations.

40. The Defendant did not offer the Complainant the necessary support for her cancer condition and, to the contrary, upon requesting such reasonable accommodation she is the subject of verbal mistreatment, scoffing and insults from her supervisor.

41. Specifically, stated Supervisor assigns her those tasks entailing greater weight such as moving tables and lifting garbage.

42. Likewise, stated Supervisors makes comments to the Complainant regarding her illness, such as "hope you die", and "I'll make life impossible for you until you go away" alluding that she should resign.

43. Stated supervisor is also constantly watching the Complainant and does not allow her to talk with other employees, to whom he tells them to not talk to her, that she will be the next one fired from work.

44. That she has notified stated particular situations with Complainant's Supervisor to Human Resources, who have crossed arms and done nothing; moreover they have told Complainant that she has to tolerate such behavior by her Supervisor.

45. That as result of the Defendant's behavior, Complainant is receiving psychological treatment, since stated situation has caused her anxiety and depression.

46. That in the month of November of 2015, Complainant contacted Defendant's Human Resources Office to seek information regarding reasonable accommodation, and Mrs. Johanna Simonet, the Human Resources Director, indicated to her that "to bring down approximately 400 chairs weighting less than 10 pounds each does not breach your limitations".

47. That in view of Complainant's query regarding reasonable accommodation in her task, Mrs. Johanna Simonet and Mr. Julio Morales suggested that she report to the State Insurance Fund, or resign from her job.

48. The Supervisor's demeaning treatment and behavior towards Complainant known by the Defendant, has created a labor harassment and hostile environment, which has severely affected her emotional condition.

49. That the hostile environment is considered as a type of discrimination, wherefore Defendant employer's conduct towards Plaintiff constitutes a cause of action under the gender discrimination.

50. Likewise, Plaintiff has been the subject of age discrimination due to her age since Defendant employer is using physical and emotional mistreatment so that Complainant resign from her job.

51. Defendant is liable to Plaintiff as result of indemnity resulting from discrimination against Plaintiff in a sum of no less than fifty thousand dollars ($50,000), amount which is increasing.

52. That in accordance to current Puerto Rico Labor Laws, the employer has to pay for attorney fees at a rate of 25% of total compensation paid to Plaintiff

### FORTH CAUSE OF ACTION

53. Plaintiff complained, in early 2015, against Swish Janitor Services at the Department of Labor due to discrimination,, mistreatment and salary.

54. Since the Plaintiff filed stated complaint, she has become victim of reprisals against her.

55. Each time that Plaintiff has requested reasonable accommodation, the Supervisor, Julio Morales, has told her that he cannot have any considerations due to the reasons for the complaint.

56. Her working conditions have change since she filed the complaint at the Labor Department.

57. That Defendant has informed other employees at the Company that Plaintiff filed a complaint at the Labor Department.

58. That this conduct by the employees towards the Plaintiff is in breach of Reprisal Act, wherefore breach of same generates a cause of action due to damages prompted therein.

59. That Plaintiff has suffered damages, which are estimated in the amount of fifty thousand dollars ($50,000).

WHEREFORE, it is requested that this Honorable Court grants the instant complaint and consequently condemn Defendant to pay Plaintiff for damages, penalties, back pay, settlement, attorney fees, and issuance of an Injunction to cease and desist from the behavior of mistreatment and hostile work environment towards Plaintiff, plus any further pronouncements proper under law.

RESPECTFULLY SUBMITTED,

In Mayaguez, Puerto Rico, this 26 of August, 2016.

**MARY RIVERA ZAPATA**
**CALLE BOQUILLA BZN 410**
**BO. MANI, MAYAGUEZ, PR 00682**
**TEL. (787) 806-5319**